PROB 12C
(Rev.2011)

**United States District Court**
**for**
**Middle District of Tennessee**

**Superseding Petition for Summons for Offender Under Supervision**
**[Supersedes Petition Filed as Docket Entry No. 56]**

Name of Offender: Ricardo Eugene Chamberlain Case Number: 3:09-00141-01

Name of Judicial Officer: Honorable William J. Haynes, Jr., Chief, U.S. District Court Judge

Date of Original Sentence: November 15, 2010

Original Offense: 18 U.S.C.§ 922(g)(1)- Convicted Felon in Possession of a Firearm

Original Sentence: Thirty-Six (36) months' custody; followed by 3 years' supervised release

Type of Supervision: Supervised Release Date Supervision Commenced: May 29, 2012

Assistant U.S. Attorney: Van Vincent Defense Attorney: David L. Cooper

## PETITIONING THE COURT

____ To issue a Summons.
____ To issue a Warrant.
X To Consider Additional Violations/Information at Revocation Hearing on January 7, 2013.

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
 ☐ Sealed Pending Warrant Execution
 (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Additional Violations/Information to be consider at January 7, 2013 Hearing.

Trial is reset for January 28, 2013 at 4:30 pm.

Considered this 7th day of January, 2012, and made a part of the records in the above case.

William J. Haynes, Jr.
Chief, U.S. District Court Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Paul Montgomery

Sr. U.S. Probation Officer
Paul Montgomery

Place Nashville, TN

Date December 20, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as Docket Entry No.56, has been amended to include additional violation.

Violation No. 2 - has been added to include information about illegal drug use.

Violation No. 3 - has been added to include information about associating with persons engage in criminal activity.

Violation No. 4 - has been added to include information about associating with any person convicted of a felony unless granted permission to do so by the probation officer.

Violation No. 5 - has been added to include information about committing another federal, state or local crime.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No. Nature of Noncompliance

1. **The defendant is to be confined to a halfway house for a period of ten (10) months:**

Mr. Chamberlain was released from the custody of the Bureau of Prisons on May 29, 2012. He reported to Diersen Charities Halfway House following his release. The defendant absconded from this facility on November 1, 2012.

2. **The defendant shall refrain from unlawful use of a controlled substance:**

**The defendant submitted urine drug screens on December 10, 2012, and December 18, 2012, which confirmed positive for cocaine. He admitted he purchased and used $20 worth of cocaine on December 7th and 16th, respectively.**

3. **The defendant shall not associate with any persons engaged in criminal activity:**

**The defendant admitted he purchased cocaine prior to the submission of each of the above noted positive urine drug screens.**

4. **The defendant shall not associate with any person convicted of a felony unless granted permission by the probation officer to do so:**

**The defendant admitted to having a dating relationship with an individual named Tashia Woods, an inmate at Diersen Charities.**

5. **The defendant shall not commit another federal, state or local crime:**

**The defendant was arrested by Metro Nashville Police Department on December 6, 2012, for Driving on a Suspended License. His booking date is January 3, 2013.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Chamberlain is a resident of Davidson County, Tennessee, and has been under federal supervision of the U.S. Probation Office since May 29, 2012. Upon release from the Bureau of Prisons, the probation officer met with the defendant and discussed his conditions of supervised release. Mr. Chamberlain was provided with a copy of those conditions.

On November 1, 2012, the probation office received a telephone call from the Director of Diersen Charities notifying this office that the defendant walked away from the facility that day. According to the director, the defendant arrived at the facility after returning from work and notified the staff at Diersen Charities that he was leaving and that no one could make him stay. The director stated he tried to speak with the defendant about his pending decision to leave, but to no avail.

The probation officer spoke with the defendant about his decision to leave the facility. Mr. Chamberlain stated that he left the facility because he was getting written up for what he considered to be petty violations. He made the decision to leave rather than waiting to be terminated from the program.

As it stands, the defendant only completed half of his requirement to reside at a halfway house for 10 months. The defendant has clearly defied the Court's Order to reside at a halfway house for this specific period of time.

**Update of Offender Characteristics:**

None.

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violations/information be considered at the revocation hearing currently scheduled for January 7, 2013.**

The U.S. Attorney's Office has been advised of the above alleged violations and concurs with the recommendation of the probation officer.

Approved: ______________________
Kenneth Parham
Supervisory U.S. Probation Officer

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. Ricardo Eugene Chamberlain CASE NO. 3:09-00141**

**GRADE OF VIOLATION:** **C**
**CRIMINAL HISTORY:** **IV**

**ORIGINAL OFFENSE DATE:** ***POST APRIL 30, 2003*** ***PROTECT ACT PROVISIONS***

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | **6-12 months** | **No Recommendation** |
| SUPERVISED RELEASE: | **36 months** | **36 months less any term of imprisonment** *18 U.S.C. 3583(h)* | **24 months** |

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Paul Montgomery
Sr. U.S. Probation Officer

Approved:

Kenneth Parham
Supervising U.S. Probation Officer

Attachment: Diersen Charities Termination Letter dated November 2, 2012

**Defendant's Address:**
1222 Katie Ave
Apt. B
Nashville, TN  37207

DIERSEN CHARITIES, INC.
NASHVILLE

RECEIVED
NOV 08 2012
U.S. PROBATION & PRETRIAL SERVICES
MD TENNESSEE

November 2, 2012

Paul Montgomery
United States Probation Office
US Courthouse, Ste. A-725
110 9th Ave. S.
Nashville, TN 37203

RE: Chamberlain, Ricardo
Register Number: 19120-075
**Termination Letter**

Dear Mr. Montgomery:

**Demographic Information:**
Transferring Institution: USP Lompoc
Arrival Date: May 29, 2012
Release Date: March 29, 2013
Release Method: Non-Completion
Program Duration: 179 days

**Program Plan:**
At the on-set of Mr. Chamberlain's residency, a Re-entry Plan was developed in tandem with the completion of a Risk Needs Assessment. Based on identified needs the Re-entry Plan was developed to set forth goals for his time in the program. Mr. Chamberlain's focus was to obtain employment and prepare himself for release by working and setting aside funds for his return home. He participated in programming as required, to include Orientation, Money Management, HIV Awareness, Transition Skills and the urine surveillance program. At the close of his residency, he had received 20 urine screens, all of which were returned negative. He participated in job search and secured employment several weeks after his arrival. He continued job search throughout his residency, but, failed to secure another job.

**Residence:**
Mr. Chamberlain absconded and his release residence is not known.

**Employment:**
Mr. Chamberlain secured employment on 7/26/12, with The Southern, 150 3rd Avenue, Nashville, TN 37201. His supervisor was Marissa Hyatt, she can be reached at (615) 742-1762.

**Health:**
Mr. Chamberlain appeared to enjoy good health during his residency. He did not complain and/or report any medical concerns, did not seek any medical attention and did not take any prescribed medications during his residency.

**Finances:**
Mr. Chamberlain earned $3,453.39 in gross income during his residency. He paid $859.00 in subsistence and saved $150.00.

NOV 09 2012

**Adjustment:**
Initially, Mr. Chamberlain was a model resident. Mr. Chamberlain presented himself to administrative staff as polite, respectful and forthright. Unfortunately, as weeks moved on he struggled communicating appropriately with the CMO staff and found himself engaged in verbal conflict that resulted in disciplinary actions being taken again him.

- Issued a disciplinary report on 8/17/12, for being in possession of an unauthorized cellular phone. The resident was sanctioned 25 hours extra duty.
- Issued a disciplinary report on 8/19/12, for swearing at staff, being unruly during visitation hours. The resident was counseled by director and one day dorm restriction.
- Issued a disciplinary report on 9/27/12, for disobeying a direct order. The resident was sanctioned with a warning.
- Issued a disciplinary report on 10/14/12, for not being fully clothed. The resident was sanctioned a warning.
- Issued a disciplinary report on 10/25/12, for failing to provide signatures when allowed to job search for a period of 5 hours. When questioned about his whereabouts and he responded "I can't make the employers sign the document, they would not sign, so what, I don't care." USPO Paul Montgomery was contacted by RRC staff to discuss Mr. Chamberlain's indiscretion. It was communicated that if disciplinary issues continue a disciplinary hearing will be engaged with the probation officer, director and counselor to discuss Mr. Chamberlain's future at the RRC.
- Issued a disciplinary report on 10/29/12, for disobeying a direct order. Staff did not impose a sanction due to the resident deciding to abscond.

The day Mr. Chamberlain absconded; he went to work as scheduled and he return to the RRC seemingly agitated. Staff took the time to talk at length to him about his issues. He was unwilling to discuss any issues that he was seemingly having and was adamantly set on leaving the RRC at a unscheduled date.

**Summary:**
Mr. Chamberlain is a very conflicted individual that seems to want to do what is right. He has limited abilities to handle stressful situations and typically reverts back to thinking like an inmate. He makes decisions without considering the consequences and sometimes rejects those who seek to help him. He has a good work ethic and is very capable of success.

If additional information is needed, please feel free to contact us.

Sincerely,

Kenneth Dunlap
Counselor

Phoenix Doris
Director